**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA**

| | |
|---|---|
| **BETHRAN MBAGWU,**<br>*Plaintiff*<br><br>**vs.**<br><br>**PPA TAXI & LIMOUSINE DIVISION,**<br>*Defendant* | **CIVIL ACTION NO.  21-1470** |

**MEMORANDUM RE: PLAINTIFF'S MOTION TO REMAND**

**J. Baylson**                                                                 **August 20, 2021**

## I.    INTRODUCTION

Pending before the Court is Plaintiff's Motion to Remand.  The issue presented is whether Defendant timely removed the case to federal court, given the lengthy procedural history and several amended Complaints filed in the Philadelphia Court of Common Pleas.  The Court finds that the Defendant did timely remove the case and will deny Plaintiff's Motion.

## II.    PROCEDURAL HISTORY

Plaintiff filed a pro se Complaint in the Philadelphia Court of Common Pleas on December 1, 2017, suing the PPA Taxi & Limousine Division ("PPA") for allegedly violating his rights in connection with a parking ticket.  (Def.'s Opp'n 6, ECF 8.)

Defendant filed preliminary objections the following April, which were sustained, and Plaintiff was granted leave to file an Amended Complaint.  (Id. at 7)  Plaintiff filed an Amended Complaint in May 2018.  (Id.)  Defendant again filed preliminary objections, which were sustained, and the Amended Complaint was stricken.  (Id.)

Plaintiff appealed the dismissal of the Amended Complaint.  (Id.)  In May 2020, the

Commonwealth Court reversed the dismissal of the Amended Complaint, and remanded to the Court of Common Pleas for leave to file a Second Amended Complaint.  (Id.)

On March 8, 2021, Plaintiff, via counsel, filed the Second Amended Complaint, which is the currently operative Complaint.  (Id.)  On March 29, 2021, Defendant filed its Notice of Removal based on Plaintiff's assertion of a federal question in the Second Amended Complaint. (ECF 1.)

### III.    **FACTUAL ALLEGATIONS**

Plaintiff is a taxi driver in this city of Philadelphia.  (Second Am. Compl. 3, ECF 1-4.) In December 2015, Plaintiff was issued a parking violation in the 900 block of Walnut Street in Philadelphia.  (Id. at 9 ¶ 37.)  He alleges that he parked his taxi in a metered space around 6:00 AM when spots are still free while he went into a nearby Wawa store.  (Id. at 10 ¶ 39.)  However, when another Wawa customer notified him that a PPA Officer was about to ticket the taxi, Plaintiff exited the store, and learned that he could not park in that spot because it was rush hour. (Id. at 10 ¶ 41.)  Plaintiff complained that there was no sign indicating there was no parking during rush hours.  (Id. ¶ 41.)  Nevertheless, additional PPA Officers and a tow truck arrived, and his taxi was impounded.  (Id. ¶ 42.)  Plaintiff further alleges that Defendant, after towing the taxi, conducted a warrantless search on the vehicle, his cellphone, and a bag containing his personal items, and separated Plaintiff from daily medications kept inside the taxi.  (Id. ¶ 43.)

Plaintiff's Second Amended Complaint contains four counts:  (I) violation of Plaintiff's Fourth Amendment Rights under § 1983, and Art. 1, § 8 of the Pennsylvania Constitution; (II) violation of Plaintiff's Fourteenth Amendment rights under § 1983 and Art. 1, § 1 of the Pennsylvania Constitution; (III) declaratory judgment that 51 Pa. Con. Stat. § 5714(g) and the PPA's implementing regulations are unconstitutional as applied.

2

As initially filed in the Court of Common Pleas, Plaintiff's Complaint contained the same general factual allegations. He did not delineate his allegations into specific numbered counts, but he did include a clear statement of his claims as follows: "I am suing PPA Taxi and Limousine Division . . . for [a] warrantless search, harassment, extortion, and ethic[s] violation." (Compl. 3–4, ECF 1-6.) The concluding paragraphs of his Complaint reiterate claims for a warrantless search of his cell phone, bag, seizure of medicines, harassment, and extortion. (Id. at 17–18.)

## IV.   LEGAL STANDARDS

The procedure for the removal of civil actions to federal court is governed by 28 U.S.C. § 1446. The statute reads, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant

28 U.S.C. § 1446(b)(1). Subsection (b)(3) provides that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper **from which it may first be ascertained that the case is one which is or has become removable**.

Id. § (b)(3) (emphasis added). The Third Circuit has firmly and repeatedly held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

The Court should look "only to the four corners of the pleading to see if it informs the reader, to a substantial degree of specificity, that all elements of federal jurisdiction are present."

Papp v. Fore-Kast Sales Co., Inc., 842 F.3d 805, 816 n.10 (3d Cir. 2016) (internal quotation marks

omitted) (quoting Foster v. Mut. Fire Marine & Inland Ins. Co., 986 F.2d 48, 53 (3d Cir. 1993));

see also In re Asbestos Prods. Liab. Litig., 2016 WL 8346528, *1 n.1 (notice of removal was timely

when earlier pleadings did not make federal jurisdiction "objectively and specifically apparent")

(Robreno, J.); Namey v. Malcolm, 534 F. Supp. 2d 494, 499 (M.D. Pa. 2008) (remand granted

when complaint was not "well-pleaded" as to federal question jurisdiction).

## V.   PARTIES' ARGUMENTS

### a.   Plaintiff's Motion

Plaintiff argues that Defendant did not timely file its Notice of Removal under 28 U.S.C.

§ 1446(b)(1).  (Mot. to Remand 2 ¶ 8, ECF 7.)  That provision requires a Defendant to remove a

case to federal court within thirty days of the filing of the initial pleading Defendant believes

enables subject matter jurisdiction.  (Id. ¶ 9; see also § 1446(b).)

Plaintiff argues that the original Complaint filed in the Court of Common Pleas on

December 1, 2017, provided adequate notice that the lawsuit could be brought in federal court,

specifically because it contains a claim for warrantless search and seizure.   (Id. ¶ 10.)

Accordingly, Plaintiff argues that by filing the Notice of Removal to Plaintiff's Second Amended

Complaint in March 2021, Defendant is thirty-nine months outside the statute of limitations

period, and the case should be remanded to state court.  (Id. at 3.)

### b.   Defendant's Response in Opposition

Defendant makes two arguments in response.  First, Defendant argues that Plaintiff's

Motion to Remand should be denied pursuant to Local Rule 7.1(c), because it does not contain

a Memorandum of Law; rather, it is a thirteen-paragraph motion.  (Resp. in Opp'n 9, ECF 8.)

Second, Defendant argues that there is no merit to the argument that Plaintiff's original

Complaint stated a federal claim.  (<u>Id.</u> at 10.)  The original Complaint only contained phrases such as "wrongful use of civil process," "warrantless search," "harassment," "extortion," and "ethic[s] violation."  (<u>Id.</u> at 13.)  It failed to specify any federal constitutional amendments or § 1983.  (<u>Id.</u> at 12–13.)

Defendant contends that a new thirty-day period begins when plaintiffs amend their initial pleadings to include claims for relief with federal jurisdiction.  (<u>Id.</u> at 15.)  Accordingly, Defendant's Notice of Removal, filed on March 29, 2021, was twenty-one days after Plaintiff filed his Second Amended Complaint, and therefore within the statute of limitations.  (<u>Id.</u>)

## VI.   <u>DISCUSSION</u>

The Court agrees with Defendant.  First, Plaintiff's Motion to Remand does not comply with Local Rule 7.1(c).  But, even if it had, the substance of Plaintiff's arguments are without merit and warrant denial of the Motion.

The first iteration of any of Plaintiff's Complaints that contained an ascertainable basis for removal was Plaintiff's Second Amended Complaint.  <u>See, e.g.</u>, <u>League of Women Voters of Pa. v. Pennsylvania</u>, 921 F.3d 378, 384 (3d Cir. 2019) (amended pleadings reset the thirty-day clock when they cause state court matter to pose federal question).  Plaintiff's initial Complaint filed in December 2017 does not provide for federal subject matter jurisdiction.  <u>See, e.g.</u>, <u>Laney v. Indep. Blue Cross</u>, No. 06-4175, 2007 WL 2713215, *2 (E.D. Pa. Sept. 14, 2007) (Pollak, J.) (state court complaint was removable because it referenced federal statute and benefits available thereunder); <u>Wuerl v. Int'l Life Sci. Church</u>, 758 F. Supp. 1084, 1086 (W.D. Pa. 1991) ("[R]emoval cannot be based simply on the fact that federal law may be referred to in some context in the case.  If the claim does not 'arise under' federal law, it is not removal on federal question grounds. Incidental federal issues are not enough.");  <u>see also</u> <u>Ortiz v. Brownsville Indep. Sch. Dist.</u>, 257 F. Supp. 2d 885, 887–89 (S.D. Tex. 2003) (original pleadings not

removable when they only contained "vague intention[s]" to pursue federal claims").

As Defendant points out, Plaintiff's initial Complaint does not include any citations to federal statutes or constitutional provisions.  Adding to the jurisdictional imprecision, the "warrantless search" Plaintiff described is also protected under Pennsylvania state law. Defendant had no ascertainable reason under § 1446(b)(3) to remove to federal court until Plaintiff filed his Second Amended Complaint.  <u>See, e.g.</u>, <u>Quinn v. Guerrero</u>, 863 F.3d 353, 358–59 (5th Cir. 2017) (notice of removal timely for amended complaint when original complaint made only "vague references to excessive force and the United States Constitution").

## VII.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Remand is denied.  An accompanying order follows.

o:\civil 21\21-1470 mbagwu v. ppa taxi & limo division\21cv1470 memo 8.20.docx