**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BETHRAN MBAGWU**<br>Plaintiff<br><br>        **v.**<br><br>**PPA TAXI & LIMOUSINE DIVISION**<br>Defendant | **CIVIL ACTION NO.**<br>**2:21-cv-01470-MMB** |

Baylson, J.                    <u>**MEMORANDUM**</u>                    October 15, 2021

## I.    <u>INTRODUCTION</u>

This case alleges violations of the 4th and 14th Amendments of the United States Constitution pursuant to <u>42 U.S.C. § 1983</u> after the taxicab Plaintiff Bethran Mbagwu ("Plaintiff") drove was towed, impounded, and allegedly searched by Defendant Philadelphia Parking Authority[1] ("Defendant PPA") without a warrant or probable cause.  Plaintiff's Second Amended Complaint (ECF 1–4, "SAC") advances three claims against Defendant PPA:

1. **Count I:** Violation of the 4th Amendment pursuant to <u>42 U.S.C. § 1983</u> and Article 1, Section 8 of the Pennsylvania Constitution for unlawful search and seizure;

2. **Count II:** Violation of the 14th Amendment pursuant to <u>42 U.S.C. § 1983</u> and Article 1, Section 1 of the Pennsylvania Constitution for deprivation of procedural due process; and

---

[1] Defendant PPA argues the PPA Taxi & Limousine Division ("TLD") named in the case caption and throughout the body of the SAC is not a separate legal entity capable of being sued.  (Mot. at 6.)  Defendant PPA argues the TLD is merely a subdivision of the PPA, so dismissal of all claims against the TLD is proper as a matter of law.  (<u>Id</u>. at 6–7.)  The Court need not adjudicate the parties to this action because it grants Defendant's Motion as to Counts I, II and III without prejudice and with leave to amend for the reasons <u>infra</u>.

3. **Count III:** Declaratory Judgment that <u>53 Pa. C.S. § 5714(g)</u> and Defendant PPA's implementing regulations are unconstitutional as applied to medallioned taxicabs.

Defendant PPA moves to dismiss all three claims with prejudice pursuant to <u>Federal Rule of Civil Procedure Rule 12(b)(6)</u> for failure to state a claim upon which relief can be granted.  (Mot. at 1.) For the reasons stated below, Defendant's Motion to Dismiss is GRANTED on all counts without prejudice.

## II.   PROCEDURAL HISTORY

On March 29, 2021, Plaintiff filed the Second Amended Complaint.  (ECF 1–4.)  On April 5, 2021, Defendant PPA filed its Motion to Dismiss (ECF 6) and Defendant's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's SAC. ("Mot.", ECF 6.)  On September 9, 2021, Plaintiff filed his Response in Opposition to Defendant's Motion.  (ECF 13, "Resp.")  On September 16, 2021, Defendant PPA filed its Reply in Further Support of its Motion to Dismiss Plaintiff's SAC.  ("Rep.", ECF 14.)

## III.   FACTUAL HISTORY

Taking Plaintiff's allegations as true, the following facts are taken from Plaintiff's Second Amended Complaint (ECF 1–4).  Plaintiff is a taxi driver in the city of Philadelphia.  (SAC ¶ 2.) On December 7, 2015, Plaintiff received a parking violation on the 900 block of Walnut Street in Philadelphia.  (SAC ¶ 37; <u>see also</u> SAC Ex. F.)  Plaintiff parked his taxi in a metered space around 6:00AM[2], while spots on that block are still free, to enter a Wawa convenience store on the same block.  (SAC ¶ 39.)  While inside the store, another patron entered and notified those inside that the taxi parked out front was about to be ticketed by an officer of Defendant PPA.  (SAC ¶ 40.)

---

[2] Defendant disputes the time at which Plaintiff parked the taxi, alleging Plaintiff parked the vehicle at 5:45 a.m. in a "tow away" zone, a zone prohibiting parking there between 6:00 a.m. and 10:00 a.m..  (Mot. at 1, 9 n.2.)

Plaintiff exited to see his taxi being ticketed and was told, presumably by the ticketing Defendant PPA officer, that he was not permitted to park there during rush hour. (SAC ¶ 41.)  Plaintiff alleges there was no signage regarding rush hour parking in that area.  (SAC ¶ 41.)  While Plaintiff discussed the parking violation with its issuer, PPA officers and a tow truck arrived and towed his taxi.  (SAC ¶ 42.)  Then, Defendant PPA seized and impounded the taxi, and conducted a warrantless search on the impounded vehicle, his cellphone, and a bag of Plaintiff's personal items, both of which were inside the taxi at the time it was impounded.  (SAC ¶¶ 42, 43.)  Plaintiff makes clear his belief that his taxi was impounded pursuant to 52 Pa. Code § 1017.52.  (SAC ¶¶ 42, 43.) Plaintiff's taxi was released to him on the same day, December 7, 2015.  (SAC ¶ 45.)

## IV.   JURISDICTION

This Court has 28 U.S.C. § 1331 jurisdiction because Plaintiff alleges causes of action pursuant to 42 U.S.C. § 1983 and the United States Constitution.  This Court retains supplemental jurisdiction over Plaintiff's related Pennsylvania State Constitution claims pursuant to 28 U.S.C. § 1367(a).

## V.   LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff."  Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although a court must accept as true all factual allegations contained in a complaint, this requirement does not apply to legal conclusions; therefore, pleadings must include factual

allegations to support the legal claims asserted.  Iqbal, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")).  Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

**VI.**     **DISCUSSION**

**A.  Count I: 4th Amendment Unlawful Search and Seizure claims pursuant to 42 U.S.C. § 1983 and Article 1, Section 8 of the Pennsylvania Constitution**

*1.  Unlawful Seizure claim*

Plaintiff alleges Defendant PPA violated his 4th Amendment protection from unlawful seizures when Defendant PPA seized his taxi without a warrant and without enjoying any exception to the warrant requirement.  (Resp. at 12.)  Plaintiff acknowledges certain "community caretaking functions" permit police to remove and impound vehicles that violate parking ordinances and jeopardize public safety and the efficient free flow of vehicular traffic.  (See Resp. at 11) (citing S. Dakota v. Opperman, 428 U.S. 364, 368–369 (1976)).  However, Plaintiff argues his parked taxi presented no such threat to public safety, and even if it had, this removal authority is reserved only for police, not for Defendant PPA.  (Resp. at 10–12.)

Defendant PPA argues Plaintiff's taxi was lawfully seized because Defendant PPA has a responsibility to enforce on-street parking regulations.  (Mot. at 9.)  Defendant PPA argues

Plaintiff violated on-street parking regulations when he parked in a tow zone, so Defendant PPA lawfully impounded Plaintiff's taxi to reestablish the free flow of traffic.  (Mot. at 9–10.)

"To succeed on a Fourth Amendment claim, a plaintiff must show that the defendant's actions constituted a 'search' or a 'seizure' within the meaning of the Fourth Amendment and were 'unreasonable' under the circumstances." Verdier v. Borough, 796 F. Supp. 2d 606, 619 (E.D. Pa. June 2011) (citing Brower v. Cty. Of Inyo, 489 U.S. 593, 599 (1989)).  Plaintiff cites various statutory authorities to support his unlawful seizure argument.  First, Plaintiff alleges Defendant PPA "impounded [Plaintiff's taxi] pursuant to 52 Pa. Code § 1017.52 and *not* under any other statute, code, ordinance regulation or policy." (SAC ¶ 44; see also ¶ 44, 55, 67.)  Then, Plaintiff argues "[he] has most definitely pleaded facts to support the inference that the impoundment in this case occurred pursuant to 53 Pa. C.S. § 5714(g)."[3] (Resp. at 9.)  Regardless of the applicable statute used to impound the taxi, Plaintiff acknowledges he does not challenge the validity of the parking citation he received.  (SAC ¶ 61.)  Plaintiff cannot recognize both the validity of the ticket he received and Defendant PPA's authority to impound vehicles in violation of PPA regulations, yet simultaneously argue that his taxi's impoundment was "unreasonable under the circumstances."  Plaintiff has not stated the factual grounds upon which the allegedly unreasonable seizure rests.  See Phillips v. Cty. Of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Accordingly, Count I's unlawful seizure claim is dismissed without prejudice.

---

[3] 53 Pa. C.S. § 5714(g)(1) empowers Defendant PPA, "to confiscate and impound vehicles . . . which are in violation of regulations of the authority."  Authority is defined as "a parking authority in a city of the first class" of which Philadelphia is considered.  53 Pa. C.S. § 5701.  Indeed, Plaintiff does not dispute Defendant PPA's authority to impound vehicles.

### 2. *Unlawful Search claim*

Plaintiff also brings a 4ᵗʰ Amendment unlawful search claim in Count I.  (SAC ¶ 69.) Plaintiff makes two allegations concerning the search of his taxi: first that "a warrantless search was conducted" by Defendant PPA (SAC ¶ 43), and second that Defendant PPA, "has an official policy, pattern, practice, or custom of effecting warrantless searches of vehicles that are towed to their impoundment lots . . .."  (SAC ¶ 69.)

Plaintiff argues inventory searches of impounded vehicles are permissible only where (i) police lawfully impounded the vehicle, and (ii) police complied with a reasonable standard policy of routinely securing and inventorying the vehicle's content.  (Resp. at 12–13.)  Plaintiff asserts Defendant PPA cannot enjoy this inventory search exception to the warrant requirement because Defendant PPA is not the police.  (Id.)  Plaintiff contends Defendant PPA, "does not have the authority to conduct the [vehicle] search whatsoever."  (Id. at 12.)

Defendant PPA argues it *can* search vehicles it impounds pursuant to the inventory search exception to the warrant requirement for constitutional vehicle searches.  (Mot. at 13.)  Defendant PPA's argument varies from Plaintiff's because Defendant PPA extends Opperman to argue "government officials"—not only police—can lawfully search a vehicle after (i) it was lawfully impounded, and (ii) so long as government officials acted in accordance with a reasonable, standard policy of routinely securing and inventorying the vehicle's contents.  (Id.)  Defendant PPA argues Plaintiff's taxi was legally impounded—as it was parked in a tow zone during prohibited hours—and that Plaintiff did not allege Defendant PPA ever deviated from a reasonable, standard policy, so its inventory search of Plaintiff's taxi was constitutional under Opperman. (Id. at 14.)

To succeed, "a plaintiff must show that the defendant's actions constituted a 'search' . . . within the meaning of the Fourth Amendment and [was] 'unreasonable' under the circumstances." Verdier, 796 F. Supp. 2d at 619.  Plaintiff's search allegations are insufficient to show he has a plausible claim for relief.  An allegation that Defendant PPA "conducted a warrantless search" of Plaintiff's taxi is conclusory because it lacks factual support.  This allegation is nothing more than a recitation of one element of a Fourth Amendment claim so it cannot, on its own, survive dismissal.  See Iqbal, 556 U.S. at 678. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such entitlement with its facts.").  Plaintiff's second search allegation—that Defendant PPA "has an official policy, pattern, practice, or custom of effecting warrantless searches of vehicles that are towed to their impoundment lots"[4] (SAC ¶ 69)—does not survive 12(b)(6) analysis either because it lacks factual support and does not identify Plaintiff as the person harmed.  See Manuel v. NRA Group LLC, 722 Fed. Appx. 141, 145 (3d Cir. 2018) (In order to have standing, "*the plaintiff* must have suffered an injury in fact– an invasion of a legally protected interest which is concrete and particularized, and actual or

---

[4] To state a Monell claim, "Plaintiff must identify a policy or custom, identify the alleged violation of the plaintiff's constitutional rights, and establish a causal link between the policy or custom and the plaintiff's injury."  Smith v. Cmty. Educ. Ctr, 2019 WL 2089997, *2 (E.D. Pa. May 10, 2019) (citing Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403–04 (1997)).  Plaintiff fails to state a Monell claim because an allegation that Defendant PPA has an official policy or custom of effectuating warrantless searches of vehicles it impounds is a threadbare recital of an element of a Monell cause of action that lacks factual support.  See Iqbal, 556 U.S. at 678 (dismissing threadbare recitals of prima facie elements of a cause of action lacking factual support for failure to state a claim); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")).

imminent, not conjectural or hypothetical.") (emphasis added)) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  Accordingly, Count I's unlawful search claim is dismissed without prejudice and with leave to amend.

### 3.  Article 1, Section 8 of the Pennsylvania Constitution claim

Count I is pursuant to the 4th Amendment via 42 U.S.C. § 1983 and to Article 1, Section 8 of the Pennsylvania Constitution.  Article 1, Section 8 is the state analogue to the 4th Amendment of the federal constitution.  However, Plaintiff does not allege any specific violation of the Pennsylvania State Constitution.  This Court need not analyze the merits of Defendant PPA's state constitution arguments[5] because Plaintiff's Article 1, Section 8 claim is facially deficient. Plaintiff's Article 1, Section 8 claim is also dismissed without prejudice.

### B.  Count II: 14th Amendment Procedural Due Process pursuant to 42 U.S.C. § 1983 and Article 1, Section 1 of the Pennsylvania Constitution

#### 1.  Procedural Due Process claim

##### a.  Pre-Deprivation Due Process

Plaintiff brings Count II alleging a violation of his 14th Amendment rights pursuant to 42 U.S.C. § 1983.  Plaintiff alleges Defendant PPA's seizure of his taxi violated his 14th Amendment rights because he was not afforded judicial process nor opportunity to be heard before it occurred. (SAC ¶¶ Introduction, 48, 74–75, 78, 91.)   Plaintiff avers the warrantless seizure "was unreasonable and not justified" and asserts Defendant PPA could have provided Plaintiff with pre-

---

[5] Defendant PPA argues Plaintiff's state constitutional claims contained in both Counts I and II must be dismissed as a matter of law because there is no private right of action for damages under the Pennsylvania Constitution.  Indeed, this principle is well-settled.  See Bane v. City of Philadelphia, 2009 WL 6614992, at *6 n.5 (E.D. Pa. June 18, 2010) (ruling there is no separate cause of action for monetary damages for a violation of Article 1, Section 8 of the Pennsylvania Constitution); see also Mintz v. Upper Mount Bethel Twp., 2013 WL 3090720, at *5 (E.D. Pa. June 20, 2013) (affirming there is no private cause of action for monetary damages for an alleged violation of Article 1, Section 1 of the Pennsylvania Constitution).

deprivation due process but chose not to.  (SAC ¶ 78.)  Plaintiff also alleges there was no basis to seize his taxi (SAC ¶ 52), the seizure violated his rights (SAC ¶ 74), and that it was unreasonable (SAC ¶ 78), but these allegations are unsupported by fact.  Therefore, because Plaintiff failed to make factual allegations supporting his 14th Amendment pre-deprivation due process claim, it is dismissed without prejudice.

### b.  Post-Deprivation Hearing

Plaintiff alleges Defendant PPA denied him procedural due process *after* his taxi was seized because Defendant PPA so severely limits what drivers may present at post-deprivation hearings, that drivers are effectively left without an opportunity to challenge the validity of PPA regulations or the impoundment itself.  (SAC ¶ 77.)  At post-deprivation hearings, drivers can only challenge whether Defendant PPA followed the procedures established by PPA regulations.  (SAC ¶ 77.)

Defendant PPA argues its post-deprivation process provides drivers ample notice and opportunity to be heard because a driver may contest a parking violation, the impoundment of their vehicle, and/or the imposition of towing and storage fees with the City's Director of Finance through the Bureau of Administrative Adjudication ("BAA").  (Id. at 16–17.) A driver may seek administrative review of a BAA decision and may appeal further adverse decisions to the Philadelphia Court of Common Pleas through to the Pennsylvania State Supreme Court.  (Id. at 17–18.)  Therefore, Defendant PPA argues its post-deprivation process satisfies procedural due process requirements.  (Id. at 18.)

There are two elements of a Section 1983 deprivation of procedural due process claim: (1) the plaintiff must establish that "he was deprived of an individual interest . . . encompassed within the Fourteenth Amendment's [property] protection; and (2) the procedures available to [plaintiff]

did not provide due process of law." <u>Verdier</u>, 796 F. Supp. 2d at 628–29 (citing <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 234 (3d Cir. 2006). The SAC does not contain factual allegations detailing Plaintiff's experience at one of Defendant PPA's post-deprivation hearings, so Plaintiff fails to plead either of the two requisite elements of a Section 1983 due process claim. Plaintiff never alleges he attended such a hearing or that he was harmed as a result of the post-deprivation hearings Defendant PPA offers. Without averring an injury in fact, Plaintiff cannot succeed on a 14th Amendment claim. <u>See</u> <u>Manuel</u>, 722 Fed. Appx. at 145 (2018) (To have standing, "*the plaintiff* must have suffered an injury in fact."); <u>see also</u> <u>Alvin v. Suzuki</u>, 227 F.3d 107, 116 ("In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate. . . . If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants."). Count II is dismissed without prejudice.

### 2.  *Article 1, Section 1 of the Pennsylvania Constitution claim*

Plaintiff's state constitution claim contained in Count II is dismissed for the same reasons provided <u>supra</u> Section VI(B)(3).

### C.  Count III: Declaratory Judgment

In Count III, Plaintiff seeks a declaratory judgment that 53 Pa. C.S. § 5714(g) "and [Defendant] PPA's implementing regulations are unconstitutional as applied to medallioned taxicabs." (SAC ¶¶ 85–94.) Because Plaintiff alleges his taxi was impounded "pursuant to 52 Pa. Code § 1017.52 and *not* under any other statute, code, ordinance regulation or policy" (SAC ¶ 44; see also ¶ 44, 55, 67) Plaintiff lacks standing to seek a declaratory judgment concerning 53 Pa. C.S. § 5714(g). Plaintiff failed to allege any injury in fact caused by 53 Pa. C.S. § 5714(g).

<u>Manuel</u>, 722 Fed. Appx. at 145; <u>Lujan</u>, 504 U.S. at 560.  Count III is dismissed without prejudice accordingly.

**VII.   <u>CONCLUSION</u>**

For the reasons set forth above, Defendant PPA's Motion to Dismiss is GRANTED as to SAC Counts I, II, and III WITHOUT PREJUDICE and with leave to amend.  An appropriate Order follows.

O:\CIVIL 21\21-1470 Mbagwu v. PPA Taxi & Limo Division\Mbagwu Memo re MTD (21-01470).docx