IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Bethran Mbagwu,** *Plaintiff* v. **PPA Taxi & Limousine Division,** *Defendant*. | **CIVIL ACTION NO. 2:21-cv-01470-MMB** |

**MEMORANDUM**

BAYLSON, J.                                                                                      SEPTEMBER 16, 2022

## I.   INTRODUCTION

This case involves claims brought under 42 U.S.C. § 1983 related to the ticketing, towing, and impoundment of Plaintiff Bethran Mbagwu's taxicab in December 2015. Plaintiff claims in this Fourth Amended Complaint that employees of Defendant Philadelphia Parking Authority Taxi and Limousine Division conducted an illegal search of his impounded cab, that Defendant seized and prevented him from obtaining his cellphone and daily medication, that Defendant wrongly ticketed and held Plaintiff's cab, and that Defendant harassed and committed ethical violations against Plaintiff by shutting off his GPS, forging documents, blacklisting him and other similar claims. The facts and procedural history of this case have been set out already by the Court in its October 15, 2021 Memorandum and Opinion dismissing all of Plaintiff's claims without prejudice. Mbagwu v. PPA Taxi & Limousine Div., No. 2:21-cv-01470-MMB, 2021 WL 4818965 (E.D. Pa. Oct. 15, 2021). Since then, Plaintiff's Third Amended Complaint was also dismissed without prejudice due to non-compliance with the Rules of Civil Procedure. Plaintiff filed an appeal with the U.S. Court of Appeals of the Third Circuit, which was dismissed for lack of appellate jurisdiction. On May 4, 2022 Plaintiff filed his Fourth Amended Complaint

1

y
b
d
f

("Complaint") and on May 20, 2022 Defendant filed this motion to dismiss Plaintiff's claims under F.R.C.P Rule 12(b)(6) and strike sections of the Complaint under F.R.C.P. Rule 12(f)(2).

For the reasons set out herein, the Court denies in part and grants in part Defendant's motion.

The Court notes that shortly after it dismissed Plaintiff's Second Amended Complaint without prejudice, Plaintiff's lawyer filed a motion to withdraw as counsel for Plaintiff, which the Court granted. The Court urges Plaintiff to explore options for retaining another lawyer in this case, including by filing a motion in this Court for appointment of counsel through the Court's Volunteer Attorney Panels. U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, Legal Resources, https://www.paed.uscourts.gov/pro-se/pro-se-resources (last visited Sept. 15, 2022).

## II. JURISDICTION

This Court has 28 U.S.C. § 1331 jurisdiction because Plaintiff alleges causes of action pursuant to 42 U.S.C. § 1983 and the United States Constitution. This Court retains supplemental jurisdiction over Plaintiff's related Pennsylvania State Constitution claims pursuant to 28 U.S.C. § 1367(a).

## III. DEFENDANT'S MOTION UNDER 12(B)(6) IS DENIED IN PART AND GRANTED IN PART

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although a court must accept as true all factual allegations contained in a complaint, this requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### A. Motion Is Denied as to the Warrantless Search and Seizure Claims.

"'To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury.'" Germantown Cab Co., v. Phila. Parking Auth., 2015 WL 1954163. *5 (E.D. Pa. Apr. 30, 2015) (quoting Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ., 574 F.3d 214, 219 (3d Cir. 2009)). To succeed on a Fourth Amendment unlawful search claim, "a plaintiff must show that the defendant's actions constituted a 'search' or 'seizure' within the meaning of the Fourth Amendment and [was] 'unreasonable' under the circumstances." Verdier v. Borough, 796 F.Supp.2d 606, 619 (E.D. Pa. 2011).

Plaintiff has adequately pled facts showing he was subject to an unreasonable warrantless search and seizure by a government employee. In the Complaint, Plaintiff alleges that the impoundment clerk told him that his impounded cab would be searched by an officer of PPA's Taxi and Limousine Division. Plaintiff also alleges that an officer at PPA headquarters told him her "boss" would be searching his cab and that he'd have to wait until the search is over to retrieve the cab. Defendant does not point to a case, statute or regulation allowing PPA employees to conduct warrantless searches of impounded vehicles.[1] The same follows for the unreasonable seizure of Plaintiff's cellphone and prescription medications for his arthritis. For these reasons, Plaintiff's search and seizure claims shall proceed to discovery.

### B. Motion Is Granted as to the Extortion, Ethics and Harassment Claims.

Plaintiff has not adequately pled facts supporting these causes of action. Plaintiff has offered nothing more than conclusory allegations regarding these claims. Plaintiff has been allowed multiple tries to plead adequate facts for these claims and has failed to do so. These claims are DISMISSED WITH PREJUDICE.

### C. Motion To Strike is Denied.

F.R.C.P. Rule 12(f)(2) permits a party to move to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The "standard for striking under Rule 12(f) is strict." In re Catanella and E.F. Hutton and Co., Inc. Securities Litig., 583 F.Supp. 1388 1400-01 (E.D. Pa. 1984). Because Defendant does not meet this strict standard here, Defendant's Motion To Strike is DENIED.

---

[1] Defendant argues that Opperman v. South Dakota, 428 U.S. 364 authorizes any "government official" to conduct inventory searches of impounded vehicles. Defendant seems to be misconstruing this holding, which concludes that "inventories pursuant to standard *police* procedures are reasonable." Opperman, 428 U.S. at 372 (police officers' warrantless search of impounded vehicle was reasonable to inventory valuables and contraband) (emphasis added).

For the reasons set forth above, Defendant's Motion To Dismiss is DENIED as to the warrantless search and seizure claim, and GRANTED WITH PREJUDICE as to the extortion, ethics, and harassment claims.[2]  An appropriate order follows.

---

[2] The Court will reserve judgment pending discovery as to whether Defendant PPA Taxi and Limousine Division is an appropriate defendant for this lawsuit.