IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BETHRAN MBAGWU,**<br>*Plaintiff*<br><br>v.<br><br>**PPA TAXI & LIMOUSINE DIVISION,**<br>*Defendant*. | **CIVIL ACTION NO. 2:21-cv-01470-MMB** |

MEMORANDUM OF DECISION

**BAYLSON, J.**                                                                                                               **APRIL 19, 2023**

## I.   INTRODUCTION

This case involves claims brought under 42 U.S.C. § 1983 related to the ticketing, towing, and impoundment of Plaintiff's taxicab. Plaintiff, who has represented himself *pro se* throughout this litigation and continues to do so currently, claims that his federal and state constitutional rights were infringed and seeks damages. Defendant was successful in achieving dismissal of some of Plaintiff's other claims, but the Court allowed Plaintiff's constitutional claims to proceed to discovery. Now, both sides have filed motions for summary judgment.

For the reasons below, the Court will deny Plaintiff's motion and deny Defendant's motion for all claims.

## II.   FACTUAL BACKGROUND

While Defendant submitted a statement of undisputed fact in support of its motion, Plaintiff did not submit one in support of his motion or in opposition to Defendant's motion despite having the clear opportunity to do so. Plaintiff has filed a Pretrial Memorandum (ECF No. 58). The Court will therefore construe the Plaintiff's briefs and Pretrial Memorandum as incorporating Plaintiff's statement of undisputed fact, to the extent that Plaintiff specifically cites

1

to evidence in the record in support of his factual contentions. See Park v. Secretary U.S. Dep't of Veterans Affairs, 594 Fed.Appx. 747, 751 (3d Cir. 2014) (district court could rule on summary judgment motion because lack of fact statement from one party did not result in prejudice or an unclear record); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013) (courts may "be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings").

The following facts are construed by the Court as being undisputed between the parties.

Plaintiff Bethran Mbawgu is a licensed taxicab driver in Philadelphia and the lessee of a medallioned taxicab. On the morning of December 7, 2015, Mbagwu was cited by a Philadelphia Parking Authority employee for illegally parking his taxicab in a towing zone in front of the Wawa at 9th and Walnut Streets in Philadelphia, Pennsylvania. The Parking Authority towed Mbagwu's cab to an impound lot along with the contents of the vehicle, which included Mbagwu's cellphone and daily medications.

Mbagwu hitched a ride with a fellow cabbie to the impound lot where he met with an impound lot employee. Mbagwu testified in his deposition that at this point, he was told his cab "had to be searched." Mbagwu also testified that an impound lot supervisor told him the cab "was like a crime scene" and that it was necessary to conduct a search of the cab. While Mbagwu testified that he did not witness the search occur, he was certain it happened because of the conversations he had with employees at the impound lot. Eventually, Mbagwu paid the citation and impound fee and got the cab back with all its contents.

The parties are in dispute about the substance of the conversation Mbagwu had with the impound lot employees. The parties are also in dispute as to whether Mbagwu's car was searched.

2

### III. PROCEDURAL BACKGROUND

The procedural background of this case is set forth in detail in the Court's prior ruling on PPA's motion to dismiss. See Mbagwu v. PPA Taxi & Limousine Division, No. 2:21-cv-1470, 2022 WL 4295272, at *1-2 (E.D. Pa. Sept. 16, 2022).

After that ruling, the parties engaged in discovery. Both parties filed their respective motions for summary judgment on January 31, 2023. Mbagwu filed a Response on February 7, 2023, a Reply on February 14, 2023, and a further Brief in Support of his own motion on February 17, 2023. PPA filed a Response and a Reply on February 14, 2023.

### IV. JURISDICTION

The Court has jurisdiction over this case under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

### V. LEGAL STANDARD

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id. Under Federal Rule of Civil Procedure 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Id. at 255. "This standard does not change when the issue is presented in the context of cross-motions for summary judgment." Appelmans v. City of Philadelphia, 826 F.2d 214, 216 (3d Cir. 1987). When both parties move for summary judgment, "[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may

be entered in accordance with the Rule 56 standard." Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 402 (3d Cir. 2016) (citing 10A Charles Alan Wright et al., Federal Practice & Procedure § 2720 (3d ed. 2016).

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

After the moving party has met its initial burden, the adverse party's response must, "by affidavits or as otherwise provided in this rule, [ ] set forth specific facts showing a genuine issue for trial." Stell v. PMC Techs., Inc., No. 04-5739, 2006 WL 2540776, at *1 (E.D. Pa. Aug. 29, 2006) (Baylson, J.) (citing Fed. R. Civ. P. 56(e)); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (The nonmoving party "must do more than simply show that there is some metaphysical dispute as so the material facts."). Summary judgment is appropriate if the adverse party fails to rebut by making a factual showing "sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## VI. DISCUSSION

### A. Defendant's Motion for Summary Judgment

Under 42 U.S.C. § 1983, an individual may bring a private cause of action for damages for the infringement of his rights under the U.S. Constitution. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

4

injured in an action at law." 42 U.S.C. § 1983.  When a suit brought under § 1983 names as a defendant a municipality, the suit may not proceed under a theory of *respondeat superior*—that is, where the employer or principal is held liable for the wrongful acts of its employees.  Such a case must proceed under the theory of liability prescribed by the U.S. Supreme Court in Monell, which states that "the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Beck v. Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (citing Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658 (1978)).

PPA does not argue the absence of a constitutional violation.  PPA solely argues that it is entitled to summary judgment because based on the evidence gathered to this point, no reasonable juror could find that PPA had a policy or custom warranting §1983 liability under a Monell theory.  "A municipality is liable under Section 1983 where a plaintiff demonstrates that a municipality itself, through implementing a municipal policy or custom, causes a constitutional violation." Knellinger v. York Street Property Development, LP, 57 F.Supp.3d 462, 471 (E.D. Pa. 2014) (Dalzell, J.).  In terms of what a policy or custom is, "[p]olicy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir.1996) (internal quotations omitted).  A plaintiff must "specify what exactly th[e] custom or policy was." McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009).

Simply put, a plaintiff cannot establish liability by pointing solely at the actions of one or more subordinate individuals—a plaintiff must make a connection between the evidence of an illegal policy or custom and the action or inaction by the government as a unit.  See Bielevicz v. Dubinon, 914 F.3d 845, 850 (3d Cir. 1990) ("[L]iability may not be proven under the *respondeat*

*superior* doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights."). Regarding the requisite showing of government inaction, a plaintiff need only show that the government was "aware of similar conduct in the past, but failed to take precautions against future violations." Beck, 89 F.3d at 972; see also Forrest v. Parry, 930 F.3d 93, 105 (3d Cir. 2019) ("[A] §1983 claim against a municipality may proceed. . . . [where the unconstitutional policy was] caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice") (internal quotations omitted). Finally, it must also be shown that the "deliberate conduct" pursuant to the policy or custom "was the moving force behind the injury alleged." Berg v. Cty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).

Examples of evidence sufficient to establish liability under a Monell theory include individual deposition testimony and written complaints. See Beck, 89 F.3d at 972 (series of written complaints about police's pattern of excessive force use was sufficient to show government had an illegal policy or custom); Berg, 219 F.3d at 275-76 (testimony from officers "that there is an established an predictable procedure for issuing warrants" was sufficient to show a policy or custom); Forrest, 930 F.3d at 115 (holding that the government's "handling of complaints . . . is highly relevant to demonstrating that it maintained the same practice prior to and at the time of [the alleged violation]").

Mbagwu's Pretrial Memorandum clearly indicates he is relying on a "deliberate" and "unlawful regulation" of PPA that the Court must construe as stating the policy of a governmental agency, even though it may be unclear whether PPA is a city or state governmental authority or an independent governmental authority. See Plf. Pretrial Memo (ECF 54) at 5. Therefore, Mbagwu has satisfied his burden of identifying facts showing the existence of a policy or custom that may have violated federal and/or constitutional rights. See Cox v. Hackett,

No. 05-2260, 2996 WL 2129060, at *4 (E.D. Pa. July 27, 2006) (plaintiff has the burden of establishing an illegal policy at the summary judgment phase). With discovery having been completed, Mbagwu has satisfied his burden of showing that the PPA had regulations or customs in effect which establish a policy or custom authorizing the conduct about which Mbagwu complains related to the illegal search of impounded vehicles. Mbagwu's testimony, at a minimum, presents a genuine dispute of fact as to whether the person he spoke with at the impound lot articulated a policy or custom of warrantless vehicle searches. See Ex. 4, Def. Mot. (ECF 48) ("Mbagwu Deposition") at 19:1-24.

Considering that Mbagwu is proceeding pro se and has clearly suffered some injury as a result of the conduct about which he complains, the Court believes that he is entitled to present his claims at a jury trial. The Court will also allow Mbagwu to rely on the exhibits attached to his papers. The sum of the exhibits Mbagwu attached to his papers include:

Ex. 1, Cab Lease Agreement,

Ex. 2, Impound Authorization,

Ex. 3, Police Directory,

Ex. 4, Parking Ticket,

Ex. 5, Ticket Recission Affidavit (2018),

Ex. 6, Request for Appeal,

Ex. 7, Medical Visit Report,

Ex. 8, Letter from Mbagwu,

Ex. 9, Police Report,

Ex. 10, Lease Agreement,

Ex. 11, Mbagwu Letter,

Ex. 12, Civil Cover Sheet,

Ex. 13, Memorandum Opinion of Judge Wojcik,

Ex. 14, Order Denying Motion to Dismiss,

Ex. 15, Order Dismissing Appeal.

The jury may conclude that PPA had in place a policy or custom infringing on Mbagwu's federal or state constitutional rights.

PPA did take Mbagwu's deposition on January 9, 2023. From the testimony, Mbagwu has established that he believed PPA had singled him out for allegedly poor treatment, in addition to there being in place a blanket illegal policy affecting all impounded drivers.

The Court finds a reasonable juror could find, with the evidence considered in the light most favorable light given to Mbagwu, that Mbagwu has established Monell liability in this case. The Court will therefore deny PPA's motion for summary judgment.[1]

### B. **Plaintiff's Motion for Summary Judgment**

Mbagwu filed a cross-motion for summary judgment on his claims as well. But to succeed, Mbagwu would have had to show that no reasonable juror could find for PPA on any of the elements of his claims. Mbagwu's motion will be denied.[2]

---

[1] Mbagwu's state claims will not be dismissed even though "'the Pennsylvania Constitution does not provide for a private cause of action for damages, but injunctive relief may be appropriate.'" See Colon v. Kinnel, No. 5:21-cv-3337, 2023 WL 1783774, at *15 (E.D. Pa. Feb. 6, 2023) (Gallagher, J.) (quoting Pocono Mountain Charter Sch. V. Pocono Mountain Sch. Dist., 442 Fed.Appx. 681, 687 (3d Cir. 2011)).

[2] The Court's disposition of the case does not necessitate a ruling on whether the PPA's Taxi and Limousine Division is a proper defendant. The Court will allow Plaintiff to substitute the Philadelphia Parking Authority as the named Defendant in this case prior to trial. Furthermore, the Court will deny Plaintiff's Motion to Strike, as any perceived mistake in his January 9, 2023 deposition transcript would not have affected the Court's disposition of the motions for summary judgment and will not prejudice Plaintiff's case at trial, where he has the ability to clarify his testimony from the witness stand.

VII. **CONCLUSION**

The Court recognizes its obligation for evenhandedness when a party insists on representing itself *pro se*. The Court has fulfilled this obligation throughout this litigation in its interpretation of the Plaintiff's pleadings and in its prior rulings. Although the Court is rightfully under no obligation to assist a *pro se* litigant in its legal arguments or ability to litigate its civil case, this Court believes that Mbagwu's claims should be heard by a jury. See McKaskle v. Wiggins, 465 U.S. 168, 184 (1984) (even in the criminal context, a judge is not required "to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course").

An accompanying Order follows.