IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BETHRAN MBAGWU,** *Plaintiff* <br><br> v. <br><br> **PPA TAXI & LIMOUSINE DIVISION,** *Defendant*. | **CIVIL ACTION NO. 2:21-cv-01470-MMB** |

MEMORANDUM OF DECISION

**BAYLSON, J.**                                                                                                        **JUNE 26, 2023**

## I.   INTRODUCTION

This case involves claims brought under 42 U.S.C. § 1983 related to the ticketing, towing, and impoundment of Plaintiff Bethran Mbagwu's taxicab. Plaintiff, who is representing himself *pro se*, claims that his federal and state constitutional rights were infringed by Defendant Philadelphia Parking Authority ("PPA") and seeks damages.

Before the Court are the following Motions in Limine:

1) Defendant's Motion in Limine to Preclude Evidence or Testimony of Plaintiff's Alleged Conversations with the Philadelphia Police Department ("Def.'s Mot.," ECF No. 65). Plaintiff filed Plaintiff's Response in Opposition to the Defendant's Motion in Limine ("Pl.'s Resp.," ECF No. 69).

2) Plaintiff's Motion in Limine to Exclude Certain Evidence ("Pl.'s Mot.," ECF No. 66). Defendant filed Defendant's Response in Opposition to Plaintiff's Motion in Limine ("Def.'s Resp.," ECF No. 68).

1

II. **RELEVANT FACTUAL ALLEGATIONS**

The relevant factual allegations for this case are set forth in detail in the Court's prior memorandum of decision on both parties' motions for summary judgement. See Mbagwu v. PPA Taxi & Limousine Div., No. 2:21-CV-01470-MMB, 2023 WL 3007928 at *1 (E.D. Pa. Apr. 19, 2023).

III. **DISCUSSION**

A. **Defendant's Motion in Limine**

1. **Evidence about Plaintiff's Conversation with Police Officer**

Defendant argues Plaintiff should be precluded from presenting evidence at trial about Plaintiff's conversations with a police officer at the PPA impound lot. Plaintiff asserts an officer told Plaintiff his cab "was like a crime scene" and needed to be "searched." Def.'s Mot. at 4. Defendant argues this testimony is inadmissible hearsay. Id. "Hearsay means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(C).

Plaintiff, who is representing himself *pro se*, does not address Defendant's argument that the evidence about the officer's statements is inadmissible hearsay. Instead, Plaintiff opposes Defendant's motion on the grounds that "Defendant's request to [exclude] this evidence or testimony is irrelevant" because Defendant asked Plaintiff about his conversations with the police officer during Plaintiff's deposition on January 9, 2023. Pl.'s Resp. at 1-2. Out of fairness to the *pro se* litigant, this Court will exercise its judgment when ruling whether the evidence Defendant seeks to preclude is inadmissible hearsay.

An exception to the hearsay rule exists for a present sense impression, which is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." FED. R. EVID. 803(1). The fundamental premise behind this hearsay exception "is that substantial contemporaneity of event and statement minimizes unreliability due to [the declarant's] defective recollection or conscious fabrication." United States v. Manfre, 368 F.3d 832, 840 (8th Cir. 2006) (quoting United States v. Blakey, 607 F.2d 779, 785 (7th Cir. 1979). For a present sense impression to be admissible, the following three requirements must be met:

"(1) the declarant must have personally perceived the event described;

(2) the declaration must be an explanation or description of the event rather than a narration; and

(3) the declaration and the event described must be contemporaneous."

United States v. Mitchell, 145 F.3d 572, 576 (3d Cir. 1998).

This portion of Plaintiff's deposition testimony where Plaintiff alleged an officer told him the cab "was like a crime scene" and needed to be "searched" falls under the present sense impression exemption. Def.'s Mot. at 4. Here, the officer, as the declarant, personally perceived the state of Plaintiff's cab and then described the event. See Pl.'s Dep. at 24:17-19, ECF No. 65-1. The declarant's statement is sufficiently contemporaneous because only "three minutes, four minutes" passed between when the declarant looked at Plaintiff's cab and described the condition of the cab to Plaintiff. Id. at 24:17. While "[t]he courts have not adopted a bright-line rule as to when a lapse of time becomes too lengthy to preclude Rule 803(1)'s application," a three or four minute lapse of time would be acceptable so long as the officer did not reflect on what he witnessed. United States v. Green, 556 F.3d 151, 156 (3d Cir. 2009); FED. R. EVID.

3

803(1) Adv. Comm. Notes (1975) ("With respect to the time element, [803(1)] recognizes that in many, if not most, instances precise contemporaneity is not possible and hence a slight lapse is allowable.").

### 2. Evidence about Plaintiff's Conversation with the Impound Lot Employee

The Court notes that it is not always clear from the record who the declarant in Plaintiff's conversations at the impound lot may be in Plaintiff's deposition because Plaintiff primarily refers to pronouns rather than to specific people. Therefore, the Court will also address whether Plaintiff's conversation with the impound lot employee is inadmissible hearsay.

Defendant may argue that Plaintiff should be precluded from presenting evidence and testimony at trial about Plaintiff's conversations where a PPA employee at the impound lot allegedly told Plaintiff "we have a situation, the car has to be searched." Pl.'s Dep. 18:23-24. Again, Defendant may argue this testimony is inadmissible hearsay pursuant to Rule 801(c).

A statement is exempt from the rule against hearsay when the statement is offered against an opposing party and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." FED. R. EVID. 801(d)(2)(D). The agent does not need to have the authority to bind their employer, as Rule 801(d)(2)(D) "simply requires that an agent make the statement within the scope of his or her employment." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1372 (3d Cir. 1992); see FED. R. EVID. 801(d)(2)(D) Adv. Comm. Notes (1975).

The PPA employee's statements are exempt from the rule against hearsay because they were made within the scope of the declarant's employment—he was acting in his role as a PPA agent at the impound lot's service desk. See generally Pl.'s Dep. 18:13-24, 19:1-19. Furthermore, even though the employee himself did not make the decision to search Plaintiff's cab, Plaintiff's

4

testimony about this employee's statement is still exempt from the rule against hearsay because "the scope of employment criterion [of Rule 801(d)(2)(D)] extends beyond direct decision-makers." Marra v. Phila. Hous. Auth., 497 F.3d 286, 298 (3d Cir. 2007) (quoting Carter v. Univ. of Toledo, 349 F.3d 269, 275 (6th Cir. 2003)).

### B. Plaintiff's Motion in Limine

#### 1. Plaintiff's Motion to Exclude[1] Exhibits D7 and D8

Plaintiff seeks to preclude Defendant from introducing Exhibits D7 (Towing and Impoundment Crane Form) and D8 (Checklist for Release of Impounded Vehicles) at trial because Plaintiff argues the exhibits are irrelevant. Pl.'s Mot. at 1. "Evidence which is not relevant is not admissible." FED. R. EVID. 402. Evidence is relevant when it "has any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. Plaintiff argues the exhibits are "[i]rrelevant" because they do not "explain why [D]efendant seized and searched Plaintiff's cell phone and daily medicine." Pl.'s Mot. at 1.

The Towing and Impoundment Crane Form and Checklist for Release of Impounded Vehicles are relevant under Rule 401 because the exhibits are probative of Defendant's claim that the PPA does not have a policy or custom of searching impounded vehicles. Def.'s Resp. at 5. Since Plaintiff must prove the PPA acted on a policy or custom to have a viable Monell claim, these exhibits are relevant. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Nevertheless, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice." FED. R. EVID. 403. Here, the Court is inclined to allow Defendant to present the Exhibits even if the probative value of the evidence is slight or speculative, given

---

[1] For the sake of precision and consistency, the Court will substitute "exclude" with the verb "preclude," which is defined as "to rule out advance" and is "commonly used in legal writing" for this memorandum. *Preclude*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/preclude (last visited Jun. 15, 2023).

the lack of prejudice to Plaintiff. See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2002) ("[T]here is a strong presumption that relevant evidence should be admitted, and thus for exclusion… to be justified, the probative value of evidence must be "substantially outweighed" by the problems in admitting it."); see also Carden v. Westinghouse Elec. Corp., 850 F.2d 996, 1001 (3d Cir. 1988) ("A district court judge is granted broad discretion in determining what is admissible under the Federal Rules of Evidence.").

2. **Plaintiff's Motion to Preclude Exhibit D10**

Plaintiff also seeks to preclude Defendant from introducing Exhibit D10 (Transcript of Plaintiff's Oral Deposition) because Plaintiff alleges Defendant altered the transcript of the deposition to exclude testimony about Plaintiff's interactions with the tow truck driver and the police. Pl.'s Mot. at 5. Plaintiff argues the transcript is inaccurate because "[t]he question PPA's attorney asked Plaintiff about the [p]olice report" and "[t]he PPA tow truck driver telling Plaintiff they were asked to tow the taxicab with everything inside the cab" are not included in the transcript. Id. Plaintiff's allegation against Defendant of tampering with the deposition transcript is extremely serious because FED. R. OF CIVIL PROCEDURE 30(f)(1) provides that "[t]he officer must certify in writing… that the deposition accurately records the witness's testimony … and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration."

The Court previously denied Plaintiff's request because "any perceived mistake in his January 9, 2023, deposition transcript… will not prejudice Plaintiff's case at trial, where he has the ability to clarify his testimony from the witness stand." Mbagwu v. PPA Taxi & Limousine Div., No. 2:21-CV-01470-MMB, 2023 WL 3007928 at *2 (E.D. Pa. Apr. 19, 2023).

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion in Limine and Plaintiff's Motion in Limine will be denied without prejudice. The parties may renew their objections at trial. An accompanying order follows.